UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| ARUN RATTAN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    CASE No. 3:12-cv-0313 |
| | )    JUDGE TRAUGER/KNOWLES |
| GENERAL SESSIONS COURT OF | ) |
| DAVIDSON COUNTY AND DAVIDSON | ) |
| COUNTY | ) |
| | ) |
|     Defendants. | ) |

## REPORT AND RECOMMENDATION

Pending before the Court are two Motions to Dismiss: one filed by Defendants "General Sessions Court of Davidson County" and "Davidson County," and one filed by Defendant Judges Dalton, Eisenstein, Evans, Higgins, Holt, Moreland, Robinson, and Turner. Docket Nos. 14, 26. Defendants have filed supporting Memoranda of Law. Docket Nos. 15, 27.

Plaintiff has filed one Response, which appears to address all Defendants. Docket No. 29. Accordingly, the undersigned will construe Plaintiff's Response as a Response to both of the pending Motions to Dismiss.

Plaintiff, who is an attorney licensed to practice law in the State of Tennessee and who is proceeding pro se, filed this action pursuant to 42 U.S.C. §§1981 and 1983, alleging that he was: (1) "denied the opportunity to make and enforce contracts, and to the full and equal benefit of all laws for the security of persons and property as is enjoyed by white citizens, and because of the plaintiff's race"; and (2) "denied the making, performance and modification of contracts, and the

1

enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship, including financial" because of his race. Docket No. 1, Complaint. Plaintiff also alleges that Defendants violated his Fourteenth Amendment due process and equal protection rights. *Id.*; Docket No. 18, Amended Complaint.[1]

Specifically, Plaintiff avers that from "approximately the beginning of 2009 till [*sic*] August of 2010," he was regularly offered, and accepted, positions as court appointed counsel in criminal cases, by the Davidson County General Sessions Court and its Judges. Docket Nos. 1, 18. Plaintiff avers that during the approximately year and a half in question, he "usually performed two such contracts per week," at a rate of $40 per hour.[2] *Id.* Plaintiff contends that, in August 2010, the "offers stopped being made." *Id.* Plaintiff contends that he continued to go regularly to the court to try and get appointments, and that he continued to contact the Judges' secretaries to get appointments, but that "some of the Judge's secretaries" told him that there

---

[1]Plaintiff originally sued only the "General Sessions Court of Davidson County" and "Davidson County." Docket No. 1. In Plaintiff's Amended Complaint, Plaintiff added as Defendants the "Davidson County State Judges" Dalton, Eisenstein, Evans, Higgins, Holt, Moreland, Robinson, and Turner. Docket No. 18, ¶ 11. Plaintiff's Amended Complaint also sought to "remove the defendant Davidson County, as a party defendant and instead substitute the defendant, State of Tennessee, in its place." *Id.*, ¶ 10. Although Plaintiff sought to remove Davidson County as a Defendant and substitute the State of Tennessee in its place, Plaintiff has not followed the proper procedures for doing so and his statement in his Amended Complaint is ineffectual. Accordingly, Davidson County remains a Defendant in this action. Likewise ineffectual is Plaintiff's paragraph seeking to "remove all references to 'local government' or 'County government' and replace these references with 'State government.'" *Id.*, ¶ 12.

[2]Plaintiff contends that he was paid "indirectly through the State Administrative Office of the Courts, where a private company would contract with the State Administrative Office of the Courts, where such private company would get paid by State agency, for the plaintiff's duties, and the plaintiff would get paid directly through the private company, expediting payment." Docket No. 1, ¶ 7. Plaintiff avers that State Administrative Office of the Courts paid the private company $40 per hour for his duties, and the private company would subtract 10% of the total fees, as well as a $10 handling fee, before paying Plaintiff the remainder collected. *Id.*, ¶ 9.

were many new attorneys, "implying that offers should go to such new attorneys." *Id.* Plaintiff maintains that he did not see many new attorneys in the General Sessions Court, but rather, "saw pretty much the same attorneys" who had been performing private contracts with him during the time he was receiving contracts to be court appointed counsel in criminal matters. *Id.* Plaintiff contends that he continued to go to court in an effort to obtain appointments until the beginning of 2011. *Id.*

Plaintiff contends that because he had been performing approximately two contracts per week for a year and a half without complaints, it was reasonable to infer that his performance was necessarily "satisfactory or good." *Id.* Plaintiff avers that Caucasian and African-American attorneys continued to get offered contracts, but that he was denied offers because he is East Indian. *Id.* Plaintiff maintains that the sudden refusal to give him contracts prevented him from making contracts and "enjoy[ing] the full privileges and benefits of such contractual relationship," causing him to lose valuable income. *Id.* Plaintiff seeks compensatory and punitive damages, injunctive relief, and recovery of his costs and fees. *Id.*

Defendants "General Sessions Court of Davidson County" and "Davidson County" have filed a Motion to Dismiss, arguing that Plaintiff's §1981 and §1983 claims against them fail because: (1) they are not entities capable of being sued; (2) Plaintiff has failed to state a §1983 municipal liability claim against them "in any event"; (3) Plaintiff's allegations do not state an Equal Protection claim; (4) Plaintiff's §1983 claims are barred by the applicable one year statute of limitations; and (5) a §1981 claim does not lie against a municipality. Docket No. 14.

Defendant Judges Dalton, Eisenstein, Evans, Higgins, Holt, Moreland, Robinson, and Turner have also filed a Motion to Dismiss, arguing that Plaintiff's claims against them fail

3

because: (1) they are entitled to absolute judicial immunity; (2) they are entitled to qualified immunity; (3) Plaintiff's allegations do not state an Equal Protection claim; (4) Plaintiff's §1983 claims are barred by the applicable one year statute of limitations; and (5) a §1981 claim will not lie against state actors. Docket No. 26.

Plaintiff has filed a Response, reiterating the allegations of his Complaint and Amended Complaint. Docket No. 29. Plaintiff additionally contends, *inter alia*, that he has sufficiently stated a claim for which relief may be granted, that he has met the requisite standards for defeating Defendants' Motions to Dismiss, and that the applicable statute of limitations has not run. *Id.* Plaintiff, in his Response, also states:

> As far as the proper governmental entity, apparently Davidson County is contained within the entity of the Metropolitan Government. Therefore, the Plaintiff can substitute the entity of the Metropolitan Government and include this in his Amended Complaint. In addition, the Plaintiff will remove the General Sessions Court of Davidson County as a party, as the Plaintiff is not naming the State as a party.

*Id.*, p. 5.[3]

As an initial matter, Plaintiff apparently recognizes that "Davidson County" is not, in and of itself, an entity capable of being sued, or a proper party to this action.[4] Accordingly, to the extent that "Davidson County" has remained a named Defendant in this action, the undersigned

---

[3]Plaintiff's claim that he "is not naming the State as a party" directly contradicts paragraphs 10 and 12 of his Amended Complaint.

[4]As has been noted, Plaintiff's Amended Complaint seeks to "remove the defendant Davidson County, as a party defendant and instead substitute the defendant, State of Tennessee, in its place," while Plaintiff's Response acknowledges that "Davidson County is contained within the entity of the Metropolitan Government" and Plaintiff responds that he "can substitute the entity of the Metropolitan Government and include this in his [later] Amended Complaint."

4

recommends that "Davidson County's" Motion to Dismiss be GRANTED and that Plaintiff's claims against "Davidson County" be DISMISSED.

To the extent that Plaintiff's Response seeks to name the Metropolitan Government as a Defendant in this action, Plaintiff cannot amend his Complaint in a Response to another Motion. Moreover, that amendment would be futile, because: (1) Plaintiff's §1983 claims are time-barred;[5] (2) Plaintiff has not even alleged that an official Metropolitan Government policy, practice, or custom was the cause of the alleged racial discrimination that resulted in his not being offered any further contracts;[6] and (3) §1981 claims cannot be brought against a municipal entity/state actors.[7]

With regard to Plaintiff's claims against the "General Sessions Court of Davidson County," Plaintiff likewise appears to recognize that it is not an entity amenable to suit and is therefore not a proper party to this action.[8] Accordingly, to the extent that the "General Sessions Court of Davidson County" has remained a named Defendant in this action, the undersigned recommends that the "General Sessions Court of Davidson County's" Motion to Dismiss be

---

[5] As has been noted, Plaintiff avers that he stopped being offered contracts in August 2010, but that he continued to try and receive contracts for a few months thereafter. As has also been noted, Plaintiff states that the last time he tried to get a contract was in the beginning of 2011. Actions brought pursuant to §1983 are subject to a one year statute of limitations. *See, e.g., Johnson v. Ry. Exp. Agency, Inc.,* 489 F.2d 525, 529 (6th Cir. 1973), *aff'd*, 421 U.S. 454 (1975). Plaintiff filed this action on March 29, 2012, more than 18 months after he stopped receiving contracts and more than one year after he stopped attempting to obtain contracts. Accordingly, Plaintiff's §1983 claims are time-barred.

[6] *See Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 690-91 (1978).

[7] *See Arendale v. City of Memphis*, 519 F.3d 587, 598-99 (6th Cir. 2008), *citing Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701 (1989).

[8] As quoted above, Plaintiff, in his Response, states: "Plaintiff will remove the General Sessions Court of Davidson County as a party, as the Plaintiff is not naming the State as a party."

GRANTED and that Plaintiff's claims against it be DISMISSED.[9]

With regard to Plaintiff's allegations that the individual Judges stopped appointing him to represent indigent criminal Defendants because he is of East Indian descent, appointing attorneys to represent indigents is a judicial action, taken within the judge's official capacity. As such, the individual Judges in this action are absolutely immune from suit. *See Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Pierson v. Ray*, 386 U.S. 547, 554 (1967).[10]

Because Plaintiff's §1983 claims are time-barred; because Plaintiff's §1981 claims cannot be brought against a municipality or state actors; and because, under the facts presented here, the individual Judges have absolute judicial immunity; Plaintiff has failed to state a claim upon which relief may be granted. Accordingly, the undersigned recommends that Defendants' Motions to Dismiss be GRANTED, and that this action be DISMISSED WITH PREJUDICE.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985),

---

[9]Although Plaintiff indicated in his Amended Complaint that he wanted to substitute the State of Tennessee as a Defendant, he failed to do so, and he indicated in his Response to the instant Motions that he "is not naming the State as a party." Accordingly, the State is not a party to this action and Plaintiff's allegations cannot be construed as being levied against the State.

[10]Neither of the two exceptions to judicial immunity (actions taken in the clear absence of all jurisdiction and non-judicial actions) are applicable to the case at bar.

*reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge