# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

ARUN RATTAN,                        )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )        Civil No.  3:12-0313
                                    )        Judge Trauger
GENERAL SESSIONS COURT OF DAVIDSON  )        Magistrate Judge Knowles
COUNTY and DAVIDSON COUNTY,         )
                                    )
        Defendants.                 )

## O R D E R

On December 4, 2012, the Magistrate Judge issued a Report and Recommendation

(Docket No. 54), to which the *pro se* plaintiff has filed a "Response" that the court will construe

as objections to the Report and Recommendation (Docket No. 59).  The Magistrate Judge treated

these motions as dispositive matters, in that the plaintiff sought to add parties and/or claims.

When a magistrate judge issues a report and recommendation regarding a dispositive

pretrial matter, the district court must review *de novo* any portion of the report and

recommendation to which a specific objection is made.  FED. R. CIV. P. 72(b); 28 U.S.C. §

636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of

Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993).  Objections must be specific; an objection to the

report in general is not sufficient and will result in waiver of further review.  *See Miller v.

Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

The plaintiff's objection document appears only to object to the Magistrate Judge's

conclusion that the proposed amendments would be futile, thus justifying the denial of the

motions to amend.  The plaintiff appears to believe that motions to amend cannot be denied on

1

that basis but, instead, should be granted under the liberal amendment standard, thus requiring defendants to file motions to dismiss the Amended Complaint. This assertion by the plaintiff is in error.

The factors and considerations to be weighed by the court on a motion to amend have been clearly delineated by the Sixth Circuit:

> Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision. Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted. . . . When amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier.

*Bridgeport Music, Inc. v. Dimension Films*, 383 F.3d 390, 402 (6th Cir. 2004) (internal citations omitted). "Futility of amendment" is clearly a ground for denial of a motion to amend, as the Magistrate Judge ruled.

The Report and Recommendation states: "The Court agrees with Defendants that the Motions at issue would be futile." (Docket No. 54 at 2) The consolidated Response to the two motions to amend filed by the defendants sets out five specific ways in which the proposed amendments should not be allowed under prevailing law and, therefore, are futile. (Docket No. 28) Apparently the Magistrate Judge agreed with all five grounds set out in this filing, and this court does as well. The last two alone are sufficient, in that clearly the allegations are barred by the one-year statute of limitations, and Section 1981 claims will not lie against municipalities.

The objections raised in the plaintiff's Response are **OVERRULED**, and the Report and Recommendation is **ACCEPTED**. For the reasons expressed therein and herein, it is hereby

2

**ORDERED** that the plaintiff's "Motion to Amend Complaint Second Time" (Docket No. 21)

and "Motion to Amend Complaint Third Time" (Docket No. 24) are **DENIED**.

It is so **ORDERED.**

Enter this 16th day of January 2013.

_____
ALETA A. TRAUGER
U.S. District Judge